UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-60038-CR-LENARD/GOODMAN

UNITED STATES OF AMERICA,

vs.

EDWARD EASTON,

    Defendant.
_____/

REPORT AND RECOMMENDATIONS ON
DEFENDANT'S MOTION FOR RETURN OF PROPERTY

This Cause is before the Undersigned on the District Court's referral [ECF No. 61] of Defendant Edward Easton's ("Easton") Motion for Return of Property (the "Motion") [ECF No. 58]. In accordance with the District Court's Order [ECF No. 59], the United States of America (the "Government") filed a Response [ECF No. 60] in opposition to the Motion. Having reviewed the Motion, the Response, and the pertinent portions of the record, the Undersigned **respectfully recommends** that the Motion be **DENIED**.

**I. BACKGROUND**

On February 13, 2007, a federal grand jury at Fort Lauderdale, Florida, indicted the movant as follows: receiving and attempting to receive material containing child pornography, that is, five digital video disks that had been mailed, shipped and

transported in interstate commerce, depicting minors engaging in sexually explicit conduct, the production of which involved the use of one or more minors engaging in sexually explicit conduct and which visual depictions were of such conduct, in violation of 18 U.S.C. §§ 2251A(a)(2) and 2252A(b)(1) (Count One); and knowingly and intentionally possessing material containing child pornography, that is, five digital video disks that had been mailed, shipped and transported in interstate commerce depicting minors engaging in sexually explicit conduct, the production of which involved the use of one or more minors engaging in sexually explicit conduct and which visual depictions were of such conduct, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (Count Two). [ECF No. 10].

The indictment also included forfeiture allegations pursuant to Title 18, United States Code, Section 2253, against any property containing any visual depiction described in section 2251, 2251A or 2252A of Chapter 110 of Title 18, United States Code, which was produced, transported, mailed, shipped or received, including a Hewlitt Packard personal computer.

On May 15, 2007, movant entered a change of plea, without the benefit of a plea agreement, and pleaded guilty to the allegations in the indictment. [ECF No. 25]. On August 31, 2007, the Court sentenced Easton to ninety-seven (97) months' imprisonment, followed by supervised release for life. [ECF Nos. 30; 31; 32].

2

On August 13, 2009, the government filed a motion for forfeiture of property as to defendant Easton. [ECF Nos. 47; 49].[1] The Court granted the motion for forfeiture on September 11, 2009. [ECF Nos. 48; 50].

## II. LEGAL STANDARD

Rule 41(g) provides that a "person aggrieved by . . . the deprivation of property may move for the property's return . . . in the district where the property was seized." Fed. R. Crim. P. 41(g).[2] Where, as here, the movant "invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). "In order for an owner of property to invoke Rule 41(g), he must show he had a possessory interest in the property seized by the government." *Id.*

---

[1] The government filed an amended motion for forfeiture of property on September 9, 2009.

[2] The Undersigned notes that a significant portion of the Government's statement of legal authority in its Response to the Motion inexplicably focuses on Rule "41(e)" -- which is the former version of Rule 41(g), prior to 2002. *See* Fed. R. Crim. P. Rule 41, Adv. Comm. Notes, 2002 Amendments. Since 2002, the text of the rule has changed, making segments of the Government's analysis inapplicable to the current situation. For example, the Government states that "[e]xplicit in Rule 41(e) is the provision that the person claiming the property must be entitled to 'lawful possession' of the seized property. See Fed. R. Crim. P. 41(e)." [ECF No. 60, p. 3]. Contrary to the Government's statement, Rule 41(g) *does not* explicitly state "lawful possession" at all in the text. Nonetheless, the Government's misstatement of certain aspects of the current version of the Rule does not change the outcome recommended here.

**III. DISCUSSION**

Easton seeks the return of the non-contraband items seized upon execution of a search warrant that led to his arrest, specifically "8 CD[s] from cabinet A-1172576, 1 Publix bag with 16 CD[s,] 1 zip drive (zip 100) A-01246212, 1 photo album (family pictures) A-01246213, VHS tapes 6 box[es] A01246211, plus any other [property] not mentioned by number, such as digital files of music and scripts." [ECF No. 59, p. 1]. The Government acknowledges that all of these items were subject to a federal search warrant and seized upon execution of that warrant on February 7, 2007. [ECF No. 60, pp. 3-4].

The Government further states that it presently does not possess any of the property at issue. [*Id.* at p. 4]. The only non-contraband item seized, the photo album (A-01246213), was *returned* to the rightful owner on September 11, 2007. [*Id.*; *see also* ECF No. 60-1 (Property/Evidence Tag/Label for that item)]. The Government also states that the remaining property that Easton seeks -- all of which are digital files or storage devices -- were tainted with child pornography, and as such, were destroyed. [ECF Nos. 60, p. 4; 60-2 (official "Destruction Certificate" listing all property that was destroyed, including all items sought by Easton in the Motion)].

An individual is not entitled under Rule 41(g) to the return of property that the government no longer possesses. *United States v. Garcon*, 406 F. App'x. 366, 369-70 (11th Cir. 2011); *see also United States v. Chikeluba*, No. 1:12–CV–2394–WBH–JFK, 2012 WL

7827855, at *3 (N.D. Ga. Dec. 14, 2012). Therefore, since the property at issue has been destroyed, Easton has no right to it, nor can the Government be compelled to return what it does not possess.

Accordingly, the Undersigned **respectfully recommends** that the Motion for Return of Property be **DENIED**.

### V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have 14 days from the date of this Report and Recommendations to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge assigned to this case. Each party may file a response to the other party's objection within 7 days of the objection. Failure to file timely objections shall bar the Parties from a de novo determination by the District Court of an issue covered in this Report and Recommendations and bar the Parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**Respectfully recommended** in Chambers, in Miami, Florida, January 13, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
The Honorable Joan A. Lenard
All counsel of record

Edward Easton
77237-004
Englewood
Federal Correctional Institution
Inmate Mail/Parcels
9595 West Quincy Avenue
Littleton, CO 80123
PRO SE